IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRIS MUCZYNSKI,<br><br> Plaintiff(s),<br><br> v.<br><br>JACK LIEBLICK, PATRICK MASUDA, DETECTIVE WRONKOWSKI, JEFFREY LOQUERCIO CITY OF CHICAGO and SERGEANT GRECO, DARRELL FARMER, CITY OF MELROSE PARK and MIKE FARMER,<br><br> Defendant(s). | |

## COMPLAINT AT LAW

NOW COMES the PLANTIFF, by and through The Blake Horwitz Law Firm, Blake Horwitz, Esq. and Leah Selinger, Esq. and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit Chicago Police officers JACK LIEBLICK, PATRICK MASUDA, DETECTIVE WRONKOWSKI, JEFFREY LOQUERCIO and Melrose Park Police Officers SERGEANT GRECO, DARRELL FARMER ("DEFENDANT OFFICERS") and MIKE FARMER, and the CITY OF CHICAGO and the CITY OF MELROSE PARK.

## JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2. PLANTIFF is a resident of the State of Illinois and of the United States.

3. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS, as well as the other officers and/or employees referred to in this Complaint. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

## FACTS

5. On January 11, 2008, three individuals (hereinafter "the complaining witnesses") had mace applied to their bodies at 3132 N. Harlem Ave. Chicago, Illinois.

6. PLAINTIFF, on January 27, 2008, was peacefully enjoying the security of his home. He was arrested by and/or due to the conduct of the DEFENDANT OFFICERS and MIKE FARMER.

7. On or about January 27, 2008, PLAINTIFF was charged with three counts of civil battery pursuant to 720 ILCS 5/12-3(a) for the incident that occurred on January 11, 2008 at 3132 N. Harlem Chicago, Illinois.

8. These charges were dismissed.

9. The complaining witnesses, on the official record, indicated their desire to withdraw the criminal charges lodged against the PLAINTIFF. As such, the criminal cause to Plaintiff was dismissed, moments thereafter.

10. The complaining witnesses that were caused to sign the criminal charges and continue the prosecution against the PLAINTIFF, were caused to do so based on misrepresentations made to the complaining witnesses by certain of the individual defendants as well as the conspiratorial actions and joint actions undertaken by the individual defendants.

11. On or about January 27, 2008, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLANTIFF and/or through joint and conspiratorial action, caused the unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

12. The DEFENDANT OFFICERS arrested, charged and/or caused the charging of the PLANTIFF with simple battery, notwithstanding the fact that on January 11, 2008 (the date of the supposed battery) the PLAINTIFF had not committed said offense. This conduct violated the Fourth Amendment to the United States Constitution.

13. On January 11, 2008 and January 27, 2008, PLAINTIFF did not obstruct justice, resist arrest, batter and/or assault any of the DEFENDANT OFFICERS.

14. On January 11, 2008, the Plaintiff did not batter any individual(s).

15. The individual defendants charged and/or participated in the charging of PLAINTIFF with criminal activity and caused the arrest of the PLAINTIFF, notwithstanding the fact that the individual defendants failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. On January 27, 2008, the date of Plaintiffs arrest, the individual defendants did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

16. On January 11, 2008, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

17. The individual defendants never possessed information that PLAINTIFF committed a criminal offense on January 11, 2008.

18. The individual defendants never possessed information that PLAINTIFF committed a criminal act contrary to the laws of the State of Illinois on January 11, 2008.

19. As a direct and proximate result of one or more of the aforesaid acts or omissions of the individual defendants, PLANTIFF was caused to suffer damages.

20. From January 11 through January 27, 2008, the DEFENDANT OFFICERS WRONKOWSKI, LIEBLICK and MASUDA were on duty at all times relevant to this Complaint and were duly appointed police officers for the CITY OF CHICAGO. These officers engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of these offices.

21. From January 11 through January 27, 2008, the DEFENDANT OFFICERS TONY GRECO and DARRELL FARMER were on duty at all times relevant to this Complaint and were duly appointed police officers for the CITY OF MELROSE PARK. These officers engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of these officers.

## CONSPIRACY

22. The individual defendants conspired to cause damage to PLANTIFF in the following manner:

      a. agreeing to falsely arrest the PLANTIFF;

      b. agreeing to falsely institute criminal charges/proceedings against the PLANTIFF;

      c. agreeing to cause false charges to be lodged against the PLAINTIFF;

4

      d.  agreeing not to report each other after falsely arresting and/or charging the PLANTIFF;

      e.  generating false documentation to cover-up for their own and each other's misconduct.

In connection with the above conspiracy, the individual defendants specifically engaged in communication among themselves, between January 11, 2008 and January 27, 2008 and upon information and belief, for a period of time thereafter, whereby the individual defendants agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the individual defendants by and through their conduct, proximately caused PLANTIFF to, *inter alia*, be charged with criminal allegations, incur financial losses, including attorneys' fees and lost wages, and suffer emotionally.

23.    The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause. The individual defendants acted with discriminatory intent by treating PLAINTIFF differently, trying to cause further injury to PLAINTIFF by illegally generating false evidence, causing him to be criminally prosecuted.

24.    In connection with this Equal Protection Claim, PLAINTIFF was a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis. The individual defendants, in joint action, acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF. Further, PLAINTIFF was similarly situated to other individuals

5

involved in incidents with police officers that did not have false evidence and/or documentation generated against them.

25. Upon information and belief, the DEFENDANT OFFICERS, each of them, have arrested over 20 individuals prior to the arrest of the PLAINTIFF.

26. Upon information and belief, on at least 20 occasions prior to January 27, 2008 the DEFENDANT OFFICERS, each of them, have not falsified police reports.

27. Upon information and belief, on at least 20 occasions prior to January 27, 2008 the DEFENDANT OFFICERS, each of them, have not partaken in, or contributed to, the falsification of police reports.

28. The DEFENDANT OFFICERS, each of them, have been trained, prior to January 27, 2008, that upon the signing of a criminal complaint, there is a strong likelihood that a criminal action will commence against the party against whom the allegations are submitted in a criminal complaint.

29. Upon information and belief, JACK LIEBLICK, on at least 20 occasions prior to and/or after January 27, 2008, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

30. Upon information and belief, JACK LIEBLICK, on at least 20 occasions prior to and/or after January 27, 2008, has signed criminal complaints and has not falsified information contained within said charging instrument(s).

31. On January 27, 2008, there was no reasonable reason for JACK LIEBLICK to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

32. Upon information and belief, PATRICK MASUDA, on at least 20 occasions prior to and/or after January 27, 2008, has arrested individuals and has not falsified information contained within a police report with regard to the arrest(s).

33. Upon information and belief, PATRICK MASUDA, on at least 20 occasions prior to and/or after January 27, 2008, has signed criminal complaints and has not falsified information contained within said charging instruments.

34. On January 27, 2008 there was no reasonable reason for PATRICK MASUDA to contribute to a falsified police report and/or criminal complaint with respect to PLAINTIFF.

35. Upon information and belief, DETECTIVE WRONKOWSKI, on at least 20 occasions prior to and/or after January 27, 2008, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

36. Upon information and belief, DETECTIVE WRONKOWSKI, on at least 20 occasions prior to and/or after January 27, 2008, has signed criminal complaints and has not falsified information contained within said charging instrument(s).

37. On January 27, 2008 there was no reasonable reason for DETECTIVE WRONKOWSKI to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

38. Upon information and belief, JEFFRFEY LOQUERCIO, on at least 20 occasions prior to and/or after January 27, 2008, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

39. Upon information and belief, JEFFREY LOQUERCIO, on at least 20 occasions prior to and/or after January 27, 2008, has signed criminal complaints and has not falsified information contained within said charging instruments.

40. On January 27, 2008 there was no reasonable reason for JEFFREY LOQUERCIO to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

41. Upon information and belief, neither DARRELL FARMER nor TONY GRECO, on at least 20 occasions prior to or after January 27, 2008, have signed criminal complaints and/or contributed to police reports that contained information known to be false.

## COUNT I
## § 1983 Equal Protection – Class of One

42. PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

43. The joint action of the individual defendants, in conspiring to cause the arrest, criminal prosecution and continued prosecution of the PLAINTIFF, violated the Equal Protection clause to the United States Constitution.

44. The aforementioned actions of the individual defendants was the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the individual defendants. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the individual defendants. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II
## False Arrest Claim Pursuant to
## 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

45. PLANTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

46. The actions of the individual defendants caused the arrest of the PLAINTIFF without probable cause to believe that the PLANTIFF had committed criminal activity.

47. Therefore, the conduct of the individual defendants was in violation of the Fourth Amendment to the United States Constitution.

8

48. The aforementioned actions of the individual defendants were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLANTIFF demands compensatory damages from the individual defendants. PLANTIFF also demands punitive damages, costs and attorneys' fees against the individual defendants and whatever additional relief this Court deems equitable and just.

### COUNT III
### § 1983 Conspiracy Claim

49. PLANTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

50. The aforementioned actions of the individual defendants were the direct and proximate cause of the violations of the United States Constitution.

WHEREFORE, PLANTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLANTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

### COUNT IV
### § 1983 Fourteenth Amendment Violation of Due Process

51. PLAINTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

52. The joint action of the individual defendants, in conspiring to cause the arrest, criminal prosecution and continued prosecution of the PLAINTIFF and the generation of falsified criminal allegations and police reports in connection thereto, violated the Fourteenth Amendment to the United States Constitution.

53. The aforementioned actions of the individual defendants were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the individual defendants. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the

individual defendants. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT V
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

54. PLANTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

55. Defendant CITY OF CHICAGO is the employer of the individual defendants DEFENDANT OFFICERS.

56. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the individual defendants be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay PLANTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

## COUNT VI
### 745 ILCS 10/9-102 Claim Against the CITY OF MELROSE PARK

57. PLANTIFF re-alleges paragraphs 1 – 41 as though fully set forth herein.

58. Defendant CITY OF MELROSE is the employer of the individual defendants DEFENDANT OFFICERS.

59. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF MELROSE.

WHEREFORE, should the individual defendants be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay PLANTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

**JURY DEMAND**

60. PLANTIFF demands trial by jury.

> Respectfully submitted,
>
> s/ Blake Horwitz_____
> Attorney for the Plaintiff

**THE BLAKE HORWITZ LAW OFICE**
Two First National Plaza
20 S. Clark St., Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076