Firm No. 37409    12612.A2C4    SRM/NL/mrs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRIS MUCZYNSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v ) | No.   10 cv 0081 |
| ) | |
| JACK LIEBLICK, PATRICK MASUDA, ) | Judge Darrah |
| DETECTIVE WRONKOWSKI, JEFFREY ) | |
| LOQUERCIO CITY OF CHICAGO, and ) | Magistrate Judge Brown |
| SERGEANT GRECO, DARRELL ) | |
| FARMER, CITY OF MELROSE PARK ) | |
| and MIKE FARMER, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO DISMISS

Defendants, SERGEANT GRECO (hereafter "Greco"), DARRELL FARMER (hereafter "D. Farmer") and CITY OF MELROSE PARK (hereafter "Melrose Park"), by and through their attorneys, Stephen R. Miller and Nikoleta Lamprinakos and in support of their motion to dismiss state as follows:

I.  INTRODUCTION

Plaintiff filed a seven count complaint against Defendants, JACK LIEBLICK, PATRICK MASUDA, DETECTIVE WRONKOWSKI, JEFFREY LOQUERCIO, CITY OF CHICAGO, and SERGEANT GRECO, DARRELL FARMER, CITY OF MELROSE PARK, and MIKE FARMER.  Plaintiff's complaint sets for the following claims:

        Count I - Section 1983 Equal Protection - Class of One

        Count II - False Arrest Claim Pursuant to Section 1983 and Fourth

>Amendment
>
>Count III - Section 1983 Conspiracy
>
>Count IV - Section1983 Fourteenth Amendment Violation of Due Process
>
>Count V - 745 ILCS 10/9-102 Claims Against City of Chicago
>
>Count VI - 745 ILCS 10/9-102 Claims Against City of Melrose Park
>
>Count VII - Monell Claim Against City of Melrose Park
>
>(Plaintiff's Amended Complaint, Doc. No. 15).

Defendants, Greco, D. Farmer and Melrose Park, move under Rule 12(b)(6) to dismiss plaintiff's amended complaint as against them in its entirety.

II.     STANDARD OF REVIEW

A district court must dismiss a complaint under FRCP 12(b)(6) "[i]f, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted." Gomez v. Illinois State Bd. of Educ., 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal of a claim is appropriate if there exists no set of facts that would support the claim and entitle a plaintiff to recover. Harris v. City of Auburn, 27 F.3d 1284, 1285 (7th Cir. 1994). A court need not strain to find inferences not plainly apparent from the face of the complaint. Coates v. Illinois State Bd. of Educ., 559 F.2d 445, 447 (7th Cir. 1977). Plaintiffs are required to plead all the essential facts outlining every element required to state a cause of action. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), cert. denied, 475 U.S. 1047 (1986). See also, Hammes v. Aamco Transmissions, Inc., 33 F.3d 774, reh'g and suggestion for reh'g denied (7th Cir. 1994). The complaint must state either direct or inferential allegations concerning all material elements necessary for recovery under the chosen legal theory. Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir.

1984); Glatt v. Chicago Park Dist., 847 F. Supp. 101, 103 (N.D. Ill. 1994) (Norgle, J.). Plaintiff's Complaint is replete with conclusions unsupported by fact and fails to allege facts in support of every element needed to state a cause of action.

In addition, FRCP 10(b) requires that "if doing so would promote clarity, each claim founded on a separate transaction or occurrence and each defense other than a denial must be stated in a separate count or defense." Plaintiff's Complaint refers to six individual defendants and two municipalities. Despite this, Plaintiff's Complaint violates the pleading requirement of 10(b) in that all allegations refer to all Defendants. As a result, Plaintiff's Complaint is confusing, inadequate and leaves Defendants to decipher which claims are made against which defendants. FRCP 41(b) states that an involuntary dismissal is appropriate if the plaintiff fails to comply with the Federal Rules of Civil Procedure. Here, Plaintiff has clearly failed to comply with the requirements of 12(b)(6) and 10(b) this dismissal is proper.

III.   ARGUMENT

    A.   The Equal Protection Claim in Count I Should Be Dismissed Because Plaintiff Failed to Plead Sufficient Facts.

To state a "class of one" claim, plaintiff must allege that: (1) the Defendant Officers intentionally treated him differently from others who are similarly situated; and (2) there is no rational basis for the different treatment or the cause of the different treatment is based on the Defendant Officers' "totally illegitimate animus" toward plaintiff. McDonald v. Village of Winnetka, 371 F.3d 992, 1001 (7th Cir.2004); St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 638 (7th Cir.2007). To meet the similarly situated requirement, plaintiff must allege that he was treated differently than "someone who is prima facie

identical in all relevant respects." Purze v. Vill of Winthrop Harbor, 286 F.3d 452, 455 (7th Cir.2002); see also Stachowski v. Town of Cicero, 425 F.3d 1075, 1078 (7th Cir.2005). Generally, whether individuals are similarly situated is a question of fact for the jury, see McDonald, 371 F.3d at 1002; however, a complaint is subject to dismissal pursuant to Rule 12(b)(6) when the plaintiff fails to allege that he was treated differently than similarly situated individuals. See Stachowski, 435 F.3d at 1078-79. Where a plaintiff fails to allege that he was treated differently than similarly situated individuals who were prima facie identical in all relevant respects to the plaintiff, the complaint must be dismissed. Here, although plaintiff's complaint asserts that he was singled out for unequal treatment the Complaint is devoid of facts that he was treated differently than those similarly situated. Plaintiff has not identified other individuals that were similarly situated and treated in a manner different from plaintiff. Accordingly, plaintiff's complaint fails to state an equal protection claim under a class of one theory, and therefore, Defendants' Motion to Dismiss should be granted.

   B.  Plaintiff Failed to Allege Sufficient Facts to Plead a Claim for False Arrest.

To state a claim for false arrest against the Defendant Officers under § 1983, plaintiff must allege that he was arrested by the Defendant Officers and that the Defendant Officers did not have probable cause to arrest him. See Holmes v. Village of Hoffman Estate, 511 F.3d 673, 681 (7th Cir.2007). Plaintiff's complaint generally states that the officers did not have "probable cause to believe that the Plaintiff had committed criminal activity." (Doc. 15, Par. 251). However, paragraph 12 makes it clear that the "complaining witnesses" only came forth to retract their statements at a court hearing, well after the City of Chicago officers made the arrest. Thus the allegations of plaintiff's complaint do not adequately set

forth a basis for his false arrest claim. Further, the alleged facts do not establish that Greco, D. Farmer or Melrose Park actually arrested Plaintiff. As such, Count II should be dismissed.

    C.    Plaintiff Failed to Allege Sufficient Facts to Maintain His Section 1983 Conspiracy Count.

To state a Section 1983 conspiracy claim, a plaintiff must allege that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights; and (2) those individual(s) were willful participant[s] in joint activity with the State or its agents." Reynolds v. Jamison, 488 F.3d 756, 764 (7th Cir.2007) (quoting Williams v. Seniff, 342 F.3d 774, 785 (7th Cir.2003)). Although Plaintiff is not required to plead a conspiracy to deprive him of his constitutional or federal rights with particularity under Rule 9(b) see Loubser v. Thacker, 440 F.3d 439, 442 (7th Cir.2006); Hoskins v. Poelstra, 320 F.3d 761 (7th Cir.2003), the Seventh Circuit recently noted that "[e]ven before the Supreme Court's new pleadings rule conspiracy allegations were often held to a higher standard than other allegations." Cooney v. Rossiter, 583 F.3d 967, 971 (7th Cir.2009). Neither "a bare allegation of conspiracy," nor "mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her [,] [is] enough to survive a motion to dismiss for failure to state a claim." Id. at 971 (affirming dismissal of pro se Section 1983 conspiracy claim where complaint was "bereft of any suggestion, beyond a mere conclusion, that the remaining defendants were leagued in a conspiracy with the dismissed defendants" and lacked any "factual allegations [to] tie the defendants to a conspiracy with a state actor"). Instead, "courts require the plaintiff to allege the parties, the general purpose, and the approximate date of the conspiracy." Loubser, 440 F.3d at 443.

A plaintiff also must indicate the nature of the alleged conspiratorial agreement to "enable [the defendant] to prepare his defense or for the district court to determine whether the claim was within the ballpark of possibly valid conspiracy claims." Walker v. Thompson, 288 F.3d 1005, 1007-08 (7th Cir.2002).

Here, plaintiff only accusations and conclusory allegations that the defendants conspired with each other to arrest plaintiff. Mere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law and are not sufficient to survive a motion to dismiss. Moreover, plaintiff's complaint is unclear as to how the defendants' conduct was connected to each other and the ultimate arrest and, as a result, qualified as state action. Nothing in the complaint demonstrates the existence of any joint action, concerted effort, or even a general understanding between the defendants. In sum, plaintiff failed to demonstrate that the defendants acted under color of law and it is appropriate for this Court to dismiss the Section 1983 conspiracy count.

> D. Count IV of Plaintiff's Complaint must Be Dismissed for Plaintiff's Failure to Allege Sufficient Facts to Establish a Section1983 Fourteenth Amendment Due Process Claim.

Count IV alleges a Section 1983 claim based on a substantive Due Process violation of the Fourteenth Amendment. Defendants argue that plaintiff's due process claim in Count IV should be dismissed because it is duplicative of plaintiff's false arrest claim in Count II and the conspiracy claim in Count III. A substantive due process claim cannot be maintained when a specific constitutional provision protects the rights allegedly violated. McCann v. Mangialardi, 337 F.3d 782, 786 (7th Cir.2003) (citing United States v. Lanier, 520 U.S. 259, 272 n. 7, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997)). Consequently, a due process claim fails if it combines "what are essentially claims for false arrest under

the Fourth Amendment into a sort of hybrid substantive due process claim under the Fourteenth Amendment." Brooks v. City of Chicago, 564 F.3d 830 (quoting McCann, 337 F.3d at 786).

Here, plaintiff attempts to do exactly what was prohibited by the courts in McCann and Brooks. In Count II, plaintiff brings a false arrest claim alleging that defendants arrested him without probable cause. In Count III, plaintiff alleges that the defendants conspired to cause the arrest and prosecution of plaintiff. Then, in Count IV plaintiff alleges a 14th Amendment Due Process violation based on the false arrest and conspiracy to cause his arrest and prosecution. Count IV is duplicative of both Counts II and III. As such, Count IV should be dismissed as the claims raised in that count are already at issue in Counts II and III.

E. Plaintiff's Monell Claim Against City of Melrose Park must Be Dismissed.

To prevail on a §1983 claim against a municipality, a plaintiff must show: 1) a violation of his constitutional rights; 2) an injury; and 3) that the injury and violation of rights was directly caused by the City's own action or inaction that carried the requisite degree of fault. Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 117 S. Ct. 1382 (1997). In addition, a plaintiff must show that the constitutional violation was directly caused by a "custom, policy or practice" of the defendant municipality. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 98 S. Ct. 2018 (1978).

In this case, Plaintiff's attempt to plead a Monell claim fails because he has not adequately alleged that his constitutional rights were violated as a result of a "custom, policy, or practice" of Melrose Park. In fact, Plaintiff has not even clearly defined the "custom, policy, or practice" that allegedly led to the violation of his constitutional rights.

Rather, plaintiff's complaint sets forth 246 paragraphs of factual allegations that have no relation to the issues of plaintiff's complaint. Paragraphs 25 through 226 contain historical allegations which do not have any direct bearing on the claims raised by plaintiff in this case. (Doc. 15, ¶¶ 25- 226). Plaintiff has chosen to rest his Monell claim entirely on that history. (Doc. 15, ¶¶ 25- 226). Essentially, plaintiff wants this Court to find that these examples of "other" conduct serve as proof of a "custom, policy, or practice" of misconduct that led to his constitutional deprivation. Stating a valid Monell claim, however, requires more than merely listing previous instances of misconduct and from that alleging the existence of an "abstract [policy] of violating citizens' constitutional rights." Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999).

Indeed, it is well established that when alleging a Monell claim a plaintiff must identify with specificity the custom, policy, or practice of which he complains. See, e.g., City of Canton v. Harris, 489 U.S. 378, 391 (1989) (the identified deficiency must be "closely related to the ultimate injury"). To forego this requirement would blur the line "between respondeat superior liability and truly unconstitutional municipal conduct." Piotrowski v. City of Houston, 237 F.3d 567, 580 n.27 (5th Cir. 2001). Accordingly, to ensure that a municipality is not held liable solely for the actions of its employees, "rigorous standards of culpability and causation must be applied." Board of County Comm'rs v. Brown, 520 U.S. 397, 405 (1997). As the Fourth Circuit explained in Carter:

> [B]y requiring litigants to identify the offending municipal policy with precision, courts can prevent trials from straying off into collateral accusations of marginally related incidents. Section 1983 does not grant courts a roving commission to root out and correct whatever municipal transgressions they might discover -- our role is to decide concrete cases. Unfocused evidence of unrelated constitutional violations is simply not relevant to the question of whether a municipal decision maker caused the

> violation of the specific federal rights of the plaintiff before the court. Permitting plaintiffs to splatter-paint a picture of scattered violations also squanders scarce judicial and municipal time and resources. As a practical matter, a case involving inquiries into loosely related incidents can be an unruly one to try.

Carter, 164 F.3d at 218-19. See also ; Brown v. City of Chicago, 2001 WL 1002484, *3 (N.D. Ill. 2001) (citing Copeland v. Northwestern Memorial Hosp., 964 F. Supp. 1225, 1240 (N.D. Ill. 1997) ("[c]laims based wholly on conclusory allegations of de facto municipal policy constitute one of the most prevalent forms of abuse in § 1983 actions").

In this case, Plaintiff's reliance on a history of misconduct allegations against Melrose Park and other employees as the basis for his Monell claims is exactly the type of "splatter-paint" approach frowned upon in Carter. Plaintiff's Monell allegations begin at paragraph 25 and end at paragraph 226. These paragraphs, however, do nothing more than refer to an "abstract" policy of violating constitutional rights. See Carter, 164 F.3d at 218. Plaintiff's paragraphs do not offer any specifics that would serve to put Melrose Park on notice of the policy, practice, or custom that he is challenging. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1969 (2007) (complaint must provide the "grounds upon which [his claim] rests"). Cursory allegations of general duties and the failure to perform those duties do not "stand in the place of an allegation of a municipal policy, custom or practice required to state a Monell claim under section § 1983." Catchings v. City of Chicago, 2005 WL 1027127, at *4 (N.D. Ill. 2005). See also Mumm v. Wetter, 2006 WL 163151, at *4 (N.D. Ill. 2006) (boilerplate allegations of a municipal policy, entirely lacking in any factual support that a policy does exist, are insufficient); Brown v. City of Chicago, 2001 WL 1002484, *3 (N.D. Ill. 2001) (dismissing section 1983 claims and explaining that boilerplate allegations constituted of mere legal conclusions that did not

state Monell claim).

The allegations of other officer misconduct contained in paragraphs 25 through 226 of Plaintiff's complaint do not save Plaintiff's Monell claims. Case law is clear that allegations of other misconduct not connected to a plaintiff's alleged deprivation do not state a claim for municipal liability. See City of Canton v. Harris, 489 U.S. 378, 388 (1989) (plaintiff required to demonstrate the existence of a direct causal link between municipal policy and constitutional injury). As noted in Carter, the claim that "past generalized bad police behavior led to future generalized bad police behavior, of which [the plaintiff's] deprivations are an example" fails the "rigorous standards of culpability and causation" required for municipal liability. Carter, 164 F.3d at 219. Instead, a plaintiff must allege an affirmative link between the deficiency and the particular violations of which he complains. Canton, 489 U.S. at 388. More specifically, a plaintiff must allege the requisite causation in that the policy or custom was the 'moving force' behind the constitutional deprivation. O'Sullivan v. City of Chicago, 327 F. Supp. 2d 937, 940 (N.D. Ill. 2004).

Here, Plaintiff has not alleged a causal link between any policies alleged in paragraphs 25 through 226 of his complaint and the violation of his constitutional rights. To the contrary, in paragraphs 25 through 226 of his complaint Plaintiff again takes a scattershot approach at alleging a Monell claim. In particular, Plaintiff refers to incidents of misconduct involving the Chief of Police of Melrose Park, other Melrose Park police officers as well as other employees of Melrose Park, and private companies. (See Pl.'s Compl. ¶¶ 25 through 226). The particular misconduct described in these allegations strays far a field from the conduct that forms the basis of Plaintiff's complaint. As such, the alleged policies associated with this "other" misconduct do not aid Plaintiff in his attempt

to allege a Monell claim. See Carter, 164 F.3d at 218 (requiring "close fit" between challenged policy and constitutional violation"). Simply stated, Plaintiff has not alleged facts from which this Court could infer that the policies alleged to exist in paragraphs 25-226 were the "moving force" behind Plaintiff's constitutional injury.

Paragraphs 25 through 226 contain allegations concerning the former Chief of Police, private companies and incidents of alleged misconduct that occurred between 1996 and 2006. In this case, Plaintiff does not allege either Defendant Officer Greco or Officer D. Farmer had any part in any of the conduct alleged in those paragraphs. In addition, Plaintiff was arrested in January 2008. Nowhere does Plaintiff allege how his 2008 arrest was caused by policies involving the Melrose Police Department and the private companies' activities between 1996 and 2006. Finally, Plaintiff alleges that certain members of the police department have been indicted for the activities described in this portion of his complaint. Plaintiff's complaint, however, is devoid of any allegations that in any way relate his claims to the facts alleged in Paragraphs 25 through 226. Against this backdrop, Plaintiff has failed to allege a direct causal link between the existence of any "policy" concerning the activities outlined in Paragraphs 25 through 226 and his alleged constitutional deprivation.

Paragraphs 25 through 226 concern allegations of misconduct by non-defendant officers. These instances of previous misconduct are completely unrelated to the type of misconduct Plaintiff alleges occurred in this case. Consequently, once again Plaintiff has not presented a causal link between the alleged policy and his constitutional injury for the purposes of Monell.

A review of paragraphs 25 through 226 demonstrates that Plaintiff's complaint is replete with allegations that have nothing to do with his arrest or the allegations of misconduct against Defendants in this case. Indeed, although Plaintiff's complaint contains a myriad of allegations concerning previous instances of misconduct and the existence of unconstitutional policies, Plaintiff's complaint is devoid of any facts linking his alleged constitutional deprivation to these other policies. See Aleman v. Sheriff of Cook County, 2005 WL 3116048, *2 (N.D. Ill. 2005) (finding that complaint was devoid of any allegations that can be construed as pleading a causal nexus, or even a tenuous connection, between the defendants' misconduct and the alleged policy or practice). Instead, Plaintiff has merely summarized various allegations of previous instances of misconduct and has asked this Court to find that those allegations constitute a custom, policy, or practice for Monell purposes. A Monell claim, however, is not adequately pled by including references to every "municipal transgression" that has occurred and the language "custom, policy, or practice." See Carter, 164 F.3d at 218-19; Catchings v. City of Chicago, 2005 WL 1027127, at *4 (N.D. Ill. 2005) (declining to infer the existence of a policy without factual allegations supporting that theory). Therefore, Plaintiff's failure to plead any facts linking his constitutional injury to these alleged policies is fatal, and his Monell claims should be dismissed. See, e.g., Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985) (a plaintiff needs to demonstrate a causal link between the defendant's conduct and his injury). Thus, Count VII must be dismissed.

IV.   CONCLUSION

Wherefore, for all the foregoing reasons, Defendants, SERGEANT GRECO, DARRELL FARMER and CITY OF MELROSE PARK, respectfully request this Court

dismiss all counts of plaintiff's complaint as directed against them.

                                  Respectfully submitted,

                                  MYERS & MILLER LLC

                    By:    s/Stephen R. Miller
                                  Stephen R. Miller

Stephen R. Miller  (6182908)
Nikoleta Lamprinakos (6274018)
Johanna L. Tracy (6278612)
MYERS & MILLER LLC
Thirty North LaSalle Street
Suite 2200
Chicago, Illinois  60602
Ph:    312/345-7250
Fx:    312/345-7251