UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRIS MUCZYNSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JACK LIEBLICK, PATRICK MASUDA, ) | Case No. 10-cv-0081 |
| DETECTIVE WRONKOWSKI, ) | |
| JEFFREY LOQUERCIO, CITY OF ) | Judge John W. Darrah |
| CHICAGO, SERGEANT GRECO, ) | |
| DARRELL FARMER, VILLAGE OF ) | |
| MELROSE PARK, and MIKE FARMER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Chris Muczynski, filed this action against the City of Chicago, the Village of Melrose Park, various police officers, and Mike Farmer. Plaintiff alleges that he was falsely arrested and charged with a crime he did not commit. All claims in Plaintiff's Amended Complaint relate to his arrest and prosecution. Count I asserts a § 1983, class-of-one, equal-protection claim; Count II alleges false arrest, pursuant to 42 U.S.C. § 1983 and the Fourth Amendment; Count III purports to state a § 1983 conspiracy claim; Count IV asserts a § 1983 claim for violation of Plaintiff's right to substantive due process; Counts V and VI are claims for indemnity against the City of Chicago and the Village of Melrose Park, respectively; and Count VII asserts a *Monell* claim against the Village of Melrose Park.

The City of Chicago, along with Chicago Police Officers Jack Lieblick, Patrick Masuda, Detective Wronkowski, and Jeffrey Loquercio (collectively, the "Chicago Defendants"), filed a motion to dismiss Counts I and IV. The Village of Melrose Park, along with Melrose Park Police Officers Sergeant Greco and Darrell Farmer, (collectively, the "Melrose Park Defendants"), filed a motion to dismiss all counts against them.[1] (All individual Defendants, excluding Mike Farmer, are hereinafter referred to as "Defendant Officers.") Defendants' motions to dismiss are presently before the Court.

## BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint and are accepted as true for purposes of the motions to dismiss.

On January 11, 2008, three individuals were sprayed with mace at 3132 N. Harlem Ave., in Chicago, Illinois. On January 27, 2008, Plaintiff was arrested "by and/or due to the conduct of" the Defendant Officers and charged with three counts of criminal battery under Illinois law based on the January 11 incident.[2] (Am. Compl. ¶¶ 9-10.)

Plaintiff did not commit the offense with which he was charged. The three victims of the mace incident later withdrew their criminal charges against Plaintiff, and

---

[1] The Melrose Park Defendants also filed a Rule 11 motion for sanctions, asserting that Plaintiff lacked any good-faith basis for naming Darrell Farmer as a defendant in this suit. In response, Plaintiff agreed to dismiss him. A stipulation of Dismissal was entered on June 30, 2010.

[2] Plaintiff's Amended Complaint mistakenly alleges "civil battery" (*see* Am. Compl. ¶ 10) but correctly cites the statutory section of 720 ILCS 5/12-3(a) for criminal battery.

2

all charges against him were immediately dismissed. The victims had signed the criminal charges and assisted with Plaintiff's prosecution based on unidentified misrepresentations made to them by the Defendant Officers.

Plaintiff alleges that he was arrested without probable cause, that the Defendant Officers "failed to observe and/or learn" that he had committed criminal activity, and that the Defendant Officers never possessed information that he committed a criminal offense on January 11, 2008.[3] (Am. Compl. ¶¶ 18, 20.)

The bulk of Plaintiff's Amended Complaint appears to have little, if anything, to do with this lawsuit. In conclusory fashion, paragraphs 25 and 26 allege that Melrose Park Police Officers "engage in" and "are allowed to engage in" criminal activity. (Am. Compl. ¶¶ 25-26.) Over the course of the next 200 paragraphs, Plaintiff alleges a variety of unlawful conduct on the part of the Melrose Park Police Department and various Melrose Park police officers who are not defendants in this action.[4] More specifically, Plaintiff alleges that former Chief of Police, Vito Scavo, had ownership interests in two private security businesses and that various Melrose Park police officers

---

[3] In his responses to the instant motions to dismiss, Plaintiff sheds some additional light on his theory of the case. Plaintiff asserts that Defendant Mike Farmer – the only individual Defendant who is not a police officer – is the son of former-Defendant Darrell Farmer, a Melrose Park police officer. Plaintiff is also a former Melrose Park police officer. According to Plaintiff, it was Mike Farmer who maced the three individuals at a White Castle on North Harlem. The Defendant Officers then falsely pinned the matter on Plaintiff. These facts are presented in this Opinion for purposes of context only; they are not alleged in the Amended Complaint and will not be considered for purposes of the instant motions to dismiss.

[4] Many of these 200 paragraphs are redundant. *Compare* ¶ 88 ("Caliendo was paid money from DOD as a security officer for DOD.") *and* ¶ 89 ("Caliendo was paid money from DOD for the private security work he performed for DOD.") *with* ¶¶ 97, 98 (stating exact same language).

3

were simultaneously being paid by those private companies and the Village of Melrose Park for the same work. According to Plaintiff, this scheme involved the manipulation of time records and lies to federal agents, investigators, and a grand jury on the part of the individuals involved. This conduct occurred between 1996 and 2006 and was the subject of federal criminal proceedings.

The only allegations that arguably connect the aforementioned unlawful activities to Plaintiff's cause of action are as follows:

> Failure to recognize and/or discipline the Melrose Park Police Departments' [sic] actions as detailed in paragraphs 29 to 224 for criminal acts which span across a decade is a proximate cause to the acts of misconduct of the DEFENDANT OFFICERS TONY GRECO and DARRELL FARMER to this cause as alleged in this complaint. Based on this failure to discipline and lack of recognition, the DEFENDANT OFFICERS believed that they could engage in acts of misconduct without being disciplined and/or punished. Specifically, Scavo and the other identified Melrose Park employees' acts of lying to and convincing others to lie to federal investigators and the grand jury is a proximate cause to the acts of DEFENDANT OFFICERS TONY GRECO and DARRELL FARMER as alleged in this complaint.

(Am. Compl. ¶¶ 225-226.)

Plaintiff also alleges that the individual Defendants (i.e., the Defendant Officers and Mike Farmer) conspired to cause damage to him by agreeing to falsely arrest him and institute criminal charges, agreeing not to report each other after falsely arresting him, and generating false documentation to cover up for their own and each other's misconduct. In support of his *Monell* claim against the Village of Melrose Park, Plaintiff alleges that it is a custom, practice, and policy of police officers and their supervisors to ignore issues regarding the false arrests of individuals without probable cause.

4

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, the complaint must describe the claim in sufficient detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations in the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Equal Employment Opportunity Comm'n v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Twombly*, 550 U.S. at 555, 569 n.14).

In addressing a motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). However, "[w]here the well-settled pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (*Iqbal*). For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (*Brooks*) (quoting *Twombly*, 550 U.S. at 556).

The Seventh Circuit has summarized the requirements of a well-pleaded complaint as follows:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Id.* at 581.

## ANALYSIS

### Count I

To state a "class-of-one" claim for a constitutional violation of his right to equal protection of the laws, Plaintiff must allege (1) that Defendants treated him differently from others who are similarly situated and (2) that there is no rational basis for the different treatment or that he was treated differently because of the Defendants' "totally illegitimate animus" toward him. *McDonald v. Village of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). Here, Plaintiff fails to allege specific facts to support either element of his claim.

First, Plaintiff has failed to identify any similarly situated persons who were treated differently by Defendants. A person asserting a class-of-one, equal-protection claim must allege that he and his comparators are "*prima facie* identical in all relevant respects or directly comparable . . . in all material respects." *United States v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008) (quoting *Racine Charter One, Inc. v. Racine Unified Sch. Dist.*, 424 F.3d 677, 680 (7th Cir. 2005)).

6

In this case, Plaintiff merely states that he was similarly situated to other individuals involved in incidents with police officers that did not have false evidence and/or documentation generated against them. This conclusory allegation is insufficient. The basis for Plaintiff's equal-protection claim is that Defendants violated his right to equal protection of the laws by "conspiring to cause [his] arrest, criminal prosecution and continued prosecution." (Am. Compl. ¶ 248.) Thus, the harm alleged is Plaintiff's arrest and prosecution. He must therefore allege that similarly situated persons were not arrested and prosecuted. He has not done so. Indeed, Plaintiff specifically alleges that other persons *were* arrested without probable cause and that Melrose Park had a custom, policy, or practice of ignoring those arrests.

Plaintiff also fails to allege the second element of a class-of-one claim. The Seventh Circuit has instructed that where a rational or legitimate reason for the state action can be hypothesized, a class-of-one, equal-protection claim fails as a matter of law:

> [A] plaintiff who does not belong to any "suspect" (that is, favored) class – by definition, the situation of a class-of-one plaintiff – must, to prevail, "negative any reasonably conceivable state of facts that could provide a rational basis for the classification."

*Lauth v. McCollum*, 424 F.3d 631, 634 (7th Cir. 2005) (*Lauth*) (quoting *Bd. of Trustees v. Garrett*, 531 U.S. 356, 367 (2001)). Noting that "hypothesis is not proof," the *Lauth* court held that the articulated test could be applied in advance of discovery. *Id.* The Seventh Circuit later confirmed that it could be applied in the context of a motion to dismiss pursuant to Rule 12(b)(6). *See Flying J Inc. v. City of New Haven*, 549 F.3d 538, 546 (2008) (*Flying J*). *Flying J* instructs district courts to evaluate allegations of animus

7

(which must be accepted as true) against a presumption that the governmental actor has a rational basis for its actions. *Id.* at 547.

The Seventh Circuit interprets the "no rational basis" element in the "unusual setting" of class-of-one claims as one that requires "that the defendant deliberately sought to deprive [the plaintiff] of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." *Hilton v. City of Wheeling*, 209 F.3d 1005, 1008 (7th Cir. 2000); *accord Thayer v. Chiczewski*, No. 07 C 1290, 2010 WL 1336537, at *8-9 (N.D. Ill. Mar. 31, 2010). Here, Plaintiff's Amended Complaint is devoid of any factual allegations to support a claim that five Defendant Officers from two separate police departments sought to deprive Plaintiff of equal protection of the laws based on their personal animus toward him. Indeed, Plaintiff does not allege that any such animus existed.

Nor does the Amended Complaint, as pleaded, successfully negate any conceivable state of facts that could provide a rational basis for Plaintiff's arrest and prosecution. When all reasonable inferences are drawn in Plaintiff's favor, Plaintiff merely alleges that unidentified Defendant Officers arrested him without probable cause. More specifically, those officers "failed to observe and/or learn that PLANTIFF [*sic*] had committed criminal activity of any sort" and "never possessed information that PLANTIFF [*sic*] committed a criminal offense." These conclusory allegations are undercut by Plaintiff's allegations that the arrest took place after three eyewitnesses (the victims, themselves) signed a complaint against him. Although Plaintiff now argues that the Defendant Officers falsified reports, he did not specifically allege so in his Amended

8

Complaint. He merely alleges that some of them conspired to do so and that some of them generated unidentified false evidence and made misrepresentations that somehow caused the victims to sign complaints against Plaintiff. Ultimately, Plaintiff's own recitation of the relevant facts provides a rational basis for his arrest.

In sum, any allegations Plaintiff has put forth supporting his claim that he was singled out for unfair treatment are "so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks*, 578 F.3d at 581. For that reason, the Court is not able "to infer more than the mere possibility of misconduct," and Plaintiff has failed to plead a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1950. If Plaintiff's allegations were interpreted to state a plausible claim for relief, every claim for false arrest or malicious prosecution would become cognizable in federal court under a class-of-one, equal-protection theory. That cannot be the law.

### *Count II*

The Melrose Park Defendants next move to dismiss Plaintiff's false-arrest claim on the basis that it is not supported by sufficient facts. To state a claim for false arrest under § 1983, Plaintiff must allege that he was arrested by the Defendant Officers and that the Defendant Officers did not have probable cause to arrest him. *See Holmes v. Village of Hoffman Estates*, 511 F.3d 673, 681 (7th Cir. 2007). The Melrose Park Defendants argue that Plaintiff's arrest was supported by probable cause and that Plaintiff fails to allege that any Melrose Park Defendants actually arrested him.

These arguments are better suited for a motion for summary judgment. At this stage, Plaintiff need only allege that he was arrested without probable cause. When all

allegations are accepted as true and all inferences are drawn in Plaintiff's favor, the Amended Complaint states that the Melrose Park Defendants were directly involved in arresting Plaintiff and that they did so without probable cause to believe he had committed a crime. Specifically, the Melrose Park Defendants arrested Plaintiff on the basis of false information that was known to be false at the time of the arrest. In contrast to his equal-protection claim, Plaintiff's false-arrest claim does not require him to "negative any reasonably conceivable state of facts" that could support a finding of probable cause to arrest him. Therefore, the Melrose Park Defendants' motion is denied as to Count II.

*Count III*

To state a § 1983 conspiracy claim, a plaintiff must allege: (1) that "a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights"; and (2) that "those individual(s) were willful participant[s] in joint activity with the State or its agents." *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007) (quoting *Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003). Section 1983 does not punish the simple act of conspiring; "an actual denial of a civil right is necessary before a cause of action arises." *Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1982).

Because a claim of conspiracy is "too facile an allegation," courts have crafted a "narrow exception to the notice-pleading standard" of the Federal Rules of Civil Procedure. *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009). "Even before [*Twombly* and *Iqbal*], a bare allegation of conspiracy was not enough to survive a motion

to dismiss." *Id.* (citations omitted). "[M]ere suspicion that persons adverse to the plaintiff had joined a conspiracy against him [is] not enough." *Id.* at 971.

However, Plaintiff is not required to plead a conspiracy with the level of specificity required for, say, fraud claims, as required by Federal Rule of Civil Procedure 9(b). A complaint is sufficient if it alleges the parties to the conspiracy, the general purpose of the conspiracy, and the approximate date of the conspiracy. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006) (citation omitted).

Plaintiff's factual support for his conspiracy claim is sparse, but it is not so sparse that Defendants are not on notice of the claims against them. Plaintiff alleges that five named Defendant Officers and one named individual reached an understanding to arrest Plaintiff on false charges sometime between January 11, 2008, and January 27, 2008. Plaintiff also alleges that each of the individual Defendants engaged in communications among themselves to achieve those ends. The Melrose Park Defendants' motion is therefore denied as to Count III.

### Count IV

Count IV asserted a cause of action under § 1983 for violations of Plaintiff's Fourteenth Amendment right to due process. In response to Defendants' motions to dismiss, Plaintiff agreed to dismiss the claim. Count IV is therefore dismissed as to all Defendants.

### Count VI

Count VI is brought against the Village of Melrose Park for statutory indemnification. Although they ask the Court to dismiss all counts against them, the

Melrose Park Defendants do not specifically address this count in their motion to dismiss. Because not all claims have been dismissed against them, the Melrose Park Defendants' motion to dismiss is denied as to Count VI.

*Count VII*

Section 1983 claims against a municipality must involve an allegation that an official policy of the government body is responsible for the deprivation of the plaintiff's rights. *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 306 (7th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978) (*Monell*)). A plaintiff must allege that his injuries were caused by the governmental body's policies or practices. *Id.* More specifically, he must allege that the governmental conduct was the "moving force" behind the constitutional deprivation. *O'Sullivan v. City of Chicago*, 327 F. Supp. 2d 937, 940 (N.D. Ill. 2004).

In his Amended Complaint, Plaintiff goes on at great length regarding various acts of misconduct by Melrose Park police officers. Those allegations have absolutely nothing to do with Plaintiff's arrest and nothing to do with the false arrest of any other individuals. Plaintiff then asserts, in conclusory fashion, that it is the custom, practice, and policy of "police officers and/or there [*sic*] supervisors/agents and/or other employees of the City of Melrose Park" to fail to discipline, investigate, take remedial action against, and provide training regarding the arrest of individuals without probable cause. Plaintiff alleges no connection between the misconduct of non-defendant Melrose Park police officers that ended in 2006 and Plaintiff's arrest in 2008.

12

Plaintiff's conclusory allegations that Melrose Park had a policy of ignoring false arrests are insufficient to state a *Monell* claim. *See Mumm v. Wetter*, No. 05 C 6149, 2006 WL 163151, at *4 (N.D. Ill. Jan. 20, 2006) ("[B]oilerplate allegations of a municipal policy, entirely lacking in any factual support that a policy does exist, are insufficient.") (citing *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995); *Brown v. City of Chicago*, No. 00 C 3514, 2001 WL 1002484, at *3 (N.D. Ill. Aug. 30, 2001) (dismissing § 1983 claims and explaining that boilerplate allegations constituted mere legal conclusions that did not state a *Monell* claim). Plaintiff essentially argues that, because Melrose Park police officers have engaged in specific unlawful conduct in the past, they must have a policy of condoning the unrelated unlawful conduct alleged in this case. That is insufficient to state a plausible claim that Plaintiff was arrested due to any custom, practice, or policy of Melrose Park. Count VII is dismissed.

## *Leave to Amend*

As a final matter, in response to both of the instant motions to dismiss, Plaintiff asks that the Court allow him to file another amended complaint instead of dismissing any portion of his First Amended Complaint. To the extent that should be construed as a motion for leave to file an amended complaint before the Court rules on Defendants' motions to dismiss, that motion is denied. Plaintiff opted to defend its operative complaint against Defendants' motions to dismiss. He merely requests leave to amend "in the alternative." Plaintiff's request for alternative relief comes too late. Defendants' motions are before the Court and must be resolved.

## CONCLUSION

For the reasons discussed above, the Chicago Defendants' Motion to Dismiss is granted in part and denied in part. The Melrose Park Defendants' Motion to Dismiss is also granted in part and denied in part. Counts I and IV are dismissed as to *all* Defendants, and Count VII is dismissed as to the Melrose Park Defendants. However, Plaintiff is given 21 days from the entry of this Memorandum Opinion and Order to file an amended complaint if he can do so consistent with Rule 11.

Date: 8-19-10

JOHN W. DARRAH
United States District Court Judge