UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRIS MUCZYNSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 10-CV-0081 |
| JACK LIEBLICK, | ) |
| DETECTIVE WRONKOWSKI, | ) Judge John W. Darrah |
| JEFFREY LOQUERCIO, | ) |
| CITY OF CHICAGO, | ) |
| SERGEANT GRECO, | ) |
| VILLAGE OF MELROSE PARK, and | ) |
| MIKE FARMER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Chris Muczynski, filed this action against the City of Chicago; Chicago Police Officers Jack Lieblick, Anthony Wronkowski, and Jeffrey Loquercio (the "Chicago Defendants"); Sergeant Greco, a Melrose Park Police Officer, and the Village of Melrose Park (the "Melrose Park Defendants"); and Mike Farmer, an individual. Plaintiff alleges he was falsely arrested and charged with a crime he did not commit. All four claims in Plaintiff's Third Amended Complaint relate to his arrest and prosecution. Count I alleges a 42 U.S.C. § 1983 class-of-one, Equal Protection claim; Count II alleges a false arrest claim, pursuant to Section 1983 and the Fourth Amendment; Count III alleges a Section 1983 conspiracy claim; and Count IV is an indemnity claim against the City of Chicago, pursuant to 745 ILCS 10/9-102. The Chicago Defendants filed a Motion to Dismiss Count I, the class-of-one, Equal Protection claim of Plaintiff's Third Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). The Melrose Park Defendants also filed

a motion, seeking to dismiss the class-of-one claim, pursuant to Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

Plaintiff filed a First Amended Complaint on March 8, 2010. The Chicago Defendants filed a motion to dismiss, which was granted in part; Plaintiff's class-of-one claim was dismissed without prejudice for failure to plead a plausible claim for relief. (Dkt. No. 60, Mem. Op. and Order at 9.) Plaintiff then filed a Second Amended Complaint on September 21, 2010. In his Second Amended Complaint, Plaintiff alleged he was similarly situated to those who were not arrested because of falsified information, and Plaintiff alleged that Greco developed an animus toward Plaintiff, which resulted in the false arrest. (Second Am. Compl. ¶¶ 39-43.) The Court again granted the Chicago Defendants' motion to dismiss, and Count I, the class-of-one claim, was dismissed in its entirety. (Dkt. No. 95, Mem. Op. and Order at 8.) Plaintiff filed a Third Amended Complaint on June 4, 2012. Count I of the Third Amended Complaint contains allegations similar to Plaintiff's Second Amended Complaint. Both the Chicago Defendants and the Melrose Park Defendants move to dismiss Count I of Plaintiff's Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6); the motions have been fully briefed and are ripe for ruling.

The following facts taken from Plaintiff's Third Amended Complaint are accepted as true for purposes of these motions to dismiss. On January 11, 2008, three individuals were sprayed with mace at 3132 N. Harlem Avenue, in Chicago, Illinois. (Third Am. Compl. ¶ 8.) On January 27, 2008, Plaintiff was arrested "by and/or due to the conduct of" the Defendant Officers and Mike Farmer and charged with three counts of criminal battery

2

under Illinois law based on the January 11 incident. (*Id.* ¶¶ 13-14.) Plaintiff did not commit the alleged battery. (*Id.* ¶ 21.) The three victims of the mace incident later withdrew their criminal charges against Plaintiff, and all charges were immediately dismissed. (*Id.* ¶ 16.) The victims had signed the criminal charges and assisted with Plaintiff's prosecution based on coercion and intimidation by the Defendant Officers. (*Id.* ¶¶ 17-18.) The Defendant Officers falsified police reports and other documentation in order to charge Plaintiff with battery. (*Id.* ¶ 19.) At some point before the charges were dropped against Plaintiff, Farmer admitted to macing the victims. (*Id.* ¶ 29.) Plaintiff worked at the Village of Melrose Park Police Department from approximately December 2004 to December 2005 as an auxiliary police officer.
(*Id.* ¶ 37.) During that time, Plaintiff caused Farmer to be arrested on numerous occasions, which resulted in Farmer's dislike and animus toward Plaintiff. (*Id.* ¶ 38.) Furthermore, during the time that Plaintiff worked at the police department, Greco and other Melrose Park Police Officers developed an animus toward Plaintiff. (*Id.* ¶ 39.) This animus was communicated by Greco to the Chicago Defendants, and they all acted pursuant to this animus when they conspired to have Plaintiff arrested and prosecuted. (*Id.* ¶¶ 38, 41.)
Plaintiff was similarly situated to other citizens who were stopped and investigated by police officers. (*Id.* ¶ 42.) But, the other similarly-situated individuals have not had false evidence generated against them. (*Id.* ¶ 43.) The Defendant Officers have effectuated the arrests of multiple individuals and have not falsified information contained within police reports and charging instruments. (*Id.* ¶¶ 49-50, 52-53, 55-56, 58-59.) The

Defendant Officers had no reasonable basis to falsify a police report or criminal complaint against Plaintiff. (*Id.* ¶¶ 51, 54, 57, 60.)

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought." Fed. R. Civ. P. 8. A defendant may file a motion to dismiss a claim under Federal Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*Iqbal*) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*)).

While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

However, "[w]here the well-settled pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950. For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable

4

expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross,* 578 F.3d 574, 581 (2009) (*Brooks*) (quoting *Twombly*, 550 U.S. at 556).

## ANALYSIS

Consistent with the Seventh Circuit's ruling in *Geinosky v. City of Chicago*, Plaintiff has sufficiently pled the requisite facts necessary to draw a reasonable inference that Defendants are liable for creating a class-of-one constitutional violation. *Geinosky v. City of Chicago,* 675 F.3d 743, 747-49 (7th Cir. 2012) (*Geinosky*).

To state a class-of-one claim for a constitutional violation of his right to equal protection of the laws, Plaintiff must allege: (1) that Defendants intentionally treated him differently from others who are similarly situated and (2) that there is no rational basis for the different treatment or that he was treated differently because of Defendants' "totally illegitimate animus" toward him. *Engquist v. Oregon Dept. of Agriculture,* 553 U.S. 591, 601 (2008) (citing *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000)); *McDonald v. Village of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004) (*McDonald*). "[T]he purpose of entertaining a 'class of one' equal protection claim is not to constitutionalize all tort law nor to transform every claim for improper provision of municipal services or for improper conduct of an investigation in connection with them into a federal case." *McDonald,* 371 F.3d at 1009. But, where a plaintiff has alleged the requisite elements with factual content sufficient to demonstrate that a defendant could be liable, the claim can survive a Fed. R. Civ. P. 12(b)(6) motion. The plaintiff is "required to show that he was the victim of *discrimination intentionally visited on him by state actors who knew or should have known that they had no justification, based on their*

*public duties, for singling him out for unfavorable treatment — who acted in other words for personal reasons, with discriminatory intent and effect.*" Del Marcelle v. Brown County Corp., 680 F.3d 887, 889 (7th Cir. 2012) (*en banc*) (4-1-5 split decision) (emphasis in original).

Plaintiff has properly pled the requisite elements. First, he asserts Defendants intentionally treated him differently from others similarly situated to him, by demonstrating that he was singled out for a false arrest. Plaintiff alleges that other individuals that may be investigated for a crime (i.e., other similarly situated individuals) are not also subject to falsified evidence. In *Geinosky*, the Seventh Circuit made clear that a general allegation that a plaintiff was treated differently than others similarly situated would suffice. *Geinosky*, 675 F.3d at 748 (and further providing that "[t]o require more would elevate form over substance."). If the alleged facts clearly demonstrate harassment by police officers that has no legitimate purpose, then the plaintiff has met his burden at the pleading stage. Plaintiff alleges he was falsely arrested due to the coercion and intimidation of witnesses by the Defendant Officers. This alleged behavior by police officers has no legitimate purpose and demonstrates an improper departure from the norm, being executed on Plaintiff alone.

The second element of a class-of-one claim requires a plaintiff to claim that because of an illegitimate animus, the plaintiff was treated differently from other similarly situated individuals. Plaintiff asserts that Defendant Officers arrested him because they wanted to effectuate their dislike toward him by charging him with a battery they knew he did not commit. Plaintiff alleges there is no reasonable justification for the officers' behavior.

6

He further asserts that due to various unjustifiable reasons, Defendants acted because of their personal animi toward Plaintiff. In *Geinosky*, the plaintiff did not know exactly why he was the target of multiple invalid parking tickets. *Geinosky*, 675 F.3d at 748. The plaintiff suspected it was because of a relationship between his estranged wife and local law enforcement. *Id.* All that is required from *Geinosky* is that the plaintiff "tell[] a story in which [he] was targeted." *Id.* That is precisely what Plaintiff provided in his Third Amended Complaint. For example, Plaintiff asserts that Farmer developed an animus towards him because Plaintiff arrested him various times while Plaintiff was employed as a police officer with the Village of Melrose Park. Also, Plaintiff alleges that Greco developed an animus toward him during their working relationship at the Melrose Park Police Department. It is from these animi that Plaintiff believes he was targeted. The Court in *Geinosky* noted that situations arise wherein individuals may be treated differently by law enforcement but where that disparate treatment does not amount to valid class-of-one claims. "The litigation floodgates should not open for the additional reason that truly random law enforcement, as when an officer picks one of many speeding cars to stop and ticket, provides a rational basis for the selection even if the ticketed driver feels she was unfairly singled out." *Geinosky*, 675 F.3d at 749. But, the conduct alleged here by Plaintiff is the falsification of evidence and his intentional false arrest, which are not discretionary actions by police officers.

While the facts alleged may not amount to an unreasonable and unjustified pattern of behavior like the officers in *Geinosky*, Plaintiff has at least presented enough facts in his Third Amended Complaint to put Defendants on notice, and the alleged facts permit a

7

reasonable inference that Defendants are liable for the misconduct alleged. Plaintiff's allegations contain sufficient "facts to raise a reasonable expectation that discovery will reveal evidence" supporting his allegations. *Brooks*, 578 F.3d at 581 (quoting *Twombly*, 127 S.Ct. 1955).

## CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss Count I of Plaintiff's Third Amended Complaint are denied.

Date:  November 8, 2012

JOHN W. DARRAH
United States District Court Judge