UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRIS MUCZYNSKI, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 10-CV-0081 |
| JACK LIEBLICK, | ) |
| DETECTIVE WRONKOWSKI, | ) Judge John W. Darrah |
| JEFFREY LOQUERCIO, | ) |
| CITY OF CHICAGO, | ) |
| SERGEANT GRECO, | ) |
| VILLAGE OF MELROSE PARK, and | ) |
| MIKE FARMER, | ) |
|       Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendants City of Chicago, Jack Lieblick, Anthony Wronkowski, and Jeffrey Loquercio (collectively, the "City of Chicago Defendants") filed a Motion to Reconsider, seeking reconsideration of the Court's previous ruling, denying their Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). Defendants Sergeant Greco and the Village of Melrose Park (collectively, the "Melrose Park Defendants") joined in the Motion at the status hearing held on November 27, 2012. Based on the discussion below, Defendants' Motion to Reconsider is denied.

**BACKGROUND**

Plaintiff, Chris Muczynski, filed this action against the City of Chicago Defendants, the Melrose Park Defendants, and Mike Farmer, an individual. Plaintiff alleges he was falsely arrested and charged with a crime he did not commit. Plaintiff asserts four counts in his Third Amended Complaint, all of which relate to his false arrest

and prosecution. Count I alleges a 42 U.S.C. § 1983 class-of-one Equal Protection claim; Count II alleges a false arrest claim, pursuant to Section 1983 and the Fourth Amendment; Count III alleges a Section 1983 Conspiracy claim; and Count IV is an indemnity claim against the City of Chicago, pursuant to 745 ILCS 10/9-102. Both the City of Chicago Defendants and the Melrose Park Defendants filed Motions to Dismiss Count I of Plaintiff's TAC, the class-of-one count, pursuant to Fed. R. Civ. P. 12(b)(6). Their Motions were denied on November 8, 2012. (Dkt No. 145.)

The City of Chicago Defendants moved for reconsideration of the Court's ruling. On November 27, 2012, the Melrose Park Defendants orally joined in the Motion and were granted leave to file a reply brief in support thereof. (Dkt. No. 148.) Jointly, Defendants reassert that Plaintiff failed to properly plead an improper personal motive (or animus) against the Defendants, as required by *Del Marcelle v. Brown County Corp.*, 680 F.3d 887 (7th Cir. 2012) (*Del Marcelle*), and contend that this Court misapplied the Seventh Circuit's holding in *Geinosky v. City of Chicago*, 675 F.3d 743 (7th Cir. 2012) (*Geinosky*), in denying their Motions to Dismiss. (Defs.' Mot. to Recons. at 4.)

**LEGAL STANDARD**

Before considering Defendants' argument, it is necessary to identify the applicable standard for a reconsideration motion. Because a denial of a motion to dismiss is not a final judgment, a motion to reconsider the decision is not governed by Federal Rule of Civil Procedure 59(e), which addresses motions to alter or amend judgments. *See* Fed. R. Civ. P. 59(e). Nor does it fall within the scope of Rule 60(b), which provides a procedure for seeking relief from a final judgment, order, or

2

proceeding. Nonetheless, courts in this District have contemplated motions to reconsider interlocutory orders under Fed. R. Civ. P. 54(b), common law, and the court's inherent authority. *See Ramada Franchise Sys., Inc. v. Royal Vale Hospitality of Cincinnati, Inc.*, No. 02-CV-1941, 2004 WL 2966948, at *3 (N.D. Ill. Nov. 24, 2004) (compiling cases), and holding a motion to reconsider may be granted in the following circumstances:

> (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court.

*Id*. (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (*Bank of Waunakee*)).

Federal Rule of Civil Procedure 54(b) provides that an interlocutory order may be revised at any time before the entry of a final judgment adjudicating all claims and all parties' rights and liabilities. *See Marconi Wireless Tel. Co. of Am. v. United States,* 320 U.S. 1, 47–48 (1943). However, "[m]otions for reconsideration do not provide a party with the opportunity to take a second bite at the apple or raise new arguments that it did not make in the first instance." *Ace Hardware Int'l Holdings, Inc. v. Masso Expo Corp.*, No. 11-C-3928, 2012 WL 182236, at *3 (N.D. Ill. Jan. 23, 2012) (citing *Ahmed v. Ashcroft,* 388 F.3d 247, 249 (7th Cir. 2004)). Reconsideration of an interlocutory order is within the trial court's sound discretion. *See Finnsugar Bioproducts, Inc. v. Amalgamated Sugar Co., LLC*, 244 F. Supp. 2d 890, 891 (N.D. Ill. 2002) (*Finnsugar*).

3

**ANALYSIS**

In order to sufficiently plead a class-of-one Equal Protection claim, Plaintiff must plead two elements: (1) "*an intentional discriminatory treatment* that *lacks any justification based on public duties*" and (2) "that there be some *improper personal motive* for the discriminatory intent." *Del Marcelle*, 680 F.3d at 899 (emphasis in original). Defendants acknowledge that the first element was satisfactorily pled by the Plaintiff;[1] as such, they focus their Motion to Reconsider on the second element alone. In doing so, Defendants submit that this Court "made an error not of reasoning but of apprehension" in determining whether the improper personal motive element was properly pled. (Defs.' Mot. to Recons. at 2 (citing *Bank of Waunakee,* 906 F.2d at 1191).) Thus, Defendants assert this Court misunderstood their arguments in their Motions to Dismiss.

Moving for reconsideration by asserting that a court "has made an error not of reasoning but of apprehension" is not an avenue to ask the court "to take a fresh look at a fully briefed, argued and decided issue . . . ." *Pickett v. Prince*, 5 F. Supp. 2d 595, 597 (N.D. Ill. 1998) (*Pickett*) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). The Seventh Circuit has been clear in cautioning that "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Finnsugar*, 244 F. Supp. 2d at 891 (quoting *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.,* 762 F.2d 557, 561

---

[1] Defendants maintain their denial that they falsely arrested the Plaintiff, or coerced and intimidated witnesses, but accept the Court's determination that this element was sufficiently pled by the Plaintifff. (Defs.' Mot. to Recons. at 3.)

4

(7th Cir. 1985). The opinions of the court "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Pickett*, 5 F. Supp. 2d at 597. When motions for reconsideration do nothing more than attempt to rehash arguments previously presented and rejected, they "reflect a fundamental misunderstanding of the limited appropriateness of motions for reconsideration." *Id*.

Throughout this new filing, just as they did in their original submission, Defendants persist in arguing that none of the animi pled in Plaintiff's Third Amended Complaint relate to them. (Defs.' Mot. to Recons. at 4.) The City of Chicago Defendants reassert that Plaintiff failed to plead an animus related to them, and the Melrose Park Defendants do the same on their behalf. (Defs.' Mot. to Recons. at 4; Melrose Park Defs.' Reply at 2.) However, in the Plaintiff's Third Amended Complaint, Plaintiff pleads that during the time Plaintiff worked at the Melrose Park Police Department, Sergeant Greco and other Melrose Park police officers, the Melrose Park Defendants, developed an animus toward Plaintiff. (Third Am. Compl. ¶ 39.) This animus was communicated by Sergeant Greco to the City of Chicago Defendants, and they all acted pursuant to their animi. (*Id.* ¶¶ 40-41.)

As noted in the Memorandum Opinion and Order, *Geinosky* provides that a plaintiff "tell[ing] a story in which [he] was targeted" is sufficient to state a class-of-one claim. *Geinosky*, 675 F.3d at 748. While Plaintiff may not know exactly *why* Defendants developed an animus toward him, that is not required at the pleading stage. All that is necessary is that Plaintiff alleges a story that results in the fact that Defendants developed an animus toward him. That is what was pled here. Plaintiff alleged: (1) the

5

Melrose Park Defendants developed an animus toward him during his employment at the Melrose Park Police Department, and (2) the City of Chicago Defendants developed an animus toward him after Sergeant Greco told them about his own personal distain for Plaintiff. Plaintiff sufficiently alleged what was required: that Defendants each developed animus toward him and acted pursuant to that animi.

Defendants have merely asserted identical arguments in their Motion to Reconsider that they asserted in their Motions to Dismiss. For example, Defendants also reassert that the facts of this case do not amount to the extraordinary pattern of alleged misconduct found in *Geinosky*, much like they argued in their Motions to Dismiss (Defs.' Mot. to Recons. at 5.) In addition, Defendants again raise their argument that a denial of their motion will result in an unwarranted expansion of class-of-one Equal Protection claims. (Defs.' Mot. to Recons. at 6.) The Defendants failed to demonstrate how this Court misapprehended the arguments previously set forth in their Motions to Dismiss.

Unfortunately for Defendants, they cannot be given another bite at the apple. They have merely put forth the same arguments in their Motion to Reconsider that they did in their Motions to Dismiss. Therefore, Defendants' Motion to Reconsider, which fails to identify a basis under which this Court might properly reconsider its previous ruling, is denied.

**CONCLUSION**

Based on the foregoing analysis, Defendants' Motion to Reconsider is denied.

Date:  March 14, 2013  
                                                  JOHN W. DARRAH  
                                                  United States District Court Judge