IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRIS MUCZYNSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10 C 0081 |
| ) | |
| JACK LIEBLICK, PATRICK MASUDA, ) | Judge John W. Darrah |
| DETECTIVE WRONKOWSKI, JEFFREY ) | |
| LOQUERCIO, CITY OF CHICAGO, and ) | Magistrate Judge Geraldine Soat Brown |
| SERGEANT GRECO, DARRELL ) | |
| FARMER, THE VILLAGE OF MELROSE ) | |
| PARK, and MIKE FARMER, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS, SERGEANT ANTHONY GRECO and THE VILLAGE OF MELROSE PARK's, MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants, SERGEANT ANTHONY GRECO (hereafter "Greco") and THE VILLAGE OF MELROSE PARK (hereafter "Village"), by and through their attorneys, STEPHEN R. MILLER and NIKOLETA LAMPRINAKOS of ROBBINS SCHWARTZ NICHOLAS LIFTON & TAYLOR, LTD., and in further support of their Rule 56 Motion for Summary Judgment state as follows:

**I. Standard**

Summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is warranted where no rational trier of fact could find for the non-moving party. *Trade Fin. Partners, LLC v. AAR Corp.,* 573 F.3d 401, 406 (7th Cir. 2009). In determining whether a genuine

issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.,* 275 F.3d 654, 658 (7th Cir. 2001); *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court is not required to "draw every conceivable inference from the record-only those inferences that are reasonable." *Bank Leumi Le—Israel, B.M. v. Lee,* 928 F.2d 232, 236 (7th Cir. 1991).

The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact."*Gonzalez v. City of Elgin,* 578 F.3d 526, 529 (7th Cir. 2009) (citing *Anderson v. Liberty Lobby,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).  However, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."*Celotex,* 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."*Sarver v. Experian Information Solutions,* 390 F.3d 969, 970 (7th Cir. 2004). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's Dept.,* 602 F.3d 845, 849 (7th Cir. 2010), quoting *Faas v. Sears, Roebuck & Co.,* 532 F.3d 633, 640–41 (7th Cir. 2008).

There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely

colorable, or is not significantly probative, summary judgment may be granted. *Lorillard Tobacco Co., Inc. v. A & E Oil, Inc.,* 503 F.3d 588, 594–595 (7th Cir. 2007), quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)(internal citations omitted). The inquiry is essentially "whether the evidence presents a sufficient disagreement to require submission to the jury, or whether it is so one-sided that one party must prevail as a matter of law. *Anderson,* 477 U.S. at 251–52.

Here, it is uncontroverted that two of the three witnesses identified Muczynski as the man who was involved in the altercation with them in both a photograph lineup and in a live lineup. (SOF 46-52). There is no dispute that the two witnesses were not coerced into making the identification. (SOF 59, 61). There is no evidence of a conspiracy whatsoever. (SOF 42, 43, 44, 58, 63, 73, 74). Absent any of these pieces of evidence, plaintiff's claim must fail and judgment is proper in favor of the Greco and the Village.

## II. ARGUMENT

### A. Plaintiff's Class of One – Equal Protection Claim Must Fail

Generally, equal protection claims involve charges of singling out members of a vulnerable group for unequal treatment attributable to the state. *See LaBella Winnetka, Inc. v. Village of Winnetka,* 628 F.3d 937, 941 (7th Cir. 2010); *Bell v. Duperrault,* 367 F.3d 703, 707 (7th Cir. 2004). However, it also bars state action that "irrationally singles out and targets an individual for discriminatory treatment" as a so-called "class-of-one," although such claims are difficult to prove. *LaBella,* 628 F.3d at 941 (citing *Reget v. City of La Crosse,* 595 F.3d 691, 695 (7th Cir. 2010)); *see also McDonald v. Winnetka,* 371 F.3d 992, 1001 (7th Cir. 2004). A plaintiff alleging a class-of-one equal protection claim

3

must prove that a state actor intentionally treated him differently than other similarly situated individuals, and that there was, at a minimum, no rational basis for that difference in treatment. *See Srail v. Vill. of Lisle,* 588 F.3d 940, 943 (7th Cir. 2009); *Engquist v. Oregon Dep't of Agric.,* 553 U.S. 591, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008) (quoting *Village of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). Since Muczynski has not presented any genuine issue of material fact regarding the existence of similarly situated individuals or the absence of a rational basis for prosecuting plaintiff, Defendants' motions for summary judgment on plaintiff's equal protection claim must be are granted.

In order to prevail on a class-of-one equal protection claim, a plaintiff must present evidence of at least one similarly situated individual who is "prima facie identical in all relevant respects or directly comparable [to the plaintiff] ... in all material respects." *United States v. Moore,* 543 F.3d 891, 896 (7th Cir. 2008) (citing *Racine Charter One, Inc. v. Racine Unified Sch. Dist. .,* 424 F.3d 677, 680 (7th Cir. 2005)); *Sellars v. Gary,* 453 F.3d 848, 850 (7th Cir. 2005) (same). While the similarly situated analysis follows no precise formula, it is clear that "similarly situated individuals must be very similar indeed." *LaBella,* 628 F.3d at 942 (quoting *McDonald v. Village of Winnetka,* 371 F.3d 992, 1002 (7th Cir. 2004)). Whether individuals are similarly situated to a plaintiff is generally a fact question for the jury; however, "a court may properly grant summary judgment where it is clear that no reasonable jury could find that the similarly situated requirement has been met." *McDonald,* 371 F.3d at 1002.

In the context of wrongful investigation or prosecution, a plaintiff must show that other individuals not prosecuted were similarly situated "in relevant respects."

4

*McDonald,* 371 F.3d at 1005. As the *McDonald* court noted in analyzing a factually similar situation to Muczynski's, in cases in which wrongful investigation or prosecution is the basis for the class-of-one claim, it is appropriate to draw on the law regarding "selective prosecution" claims. *See id.* Selective prosecution cases make clear that "in order for an individual to be similarly situated [for selective prosecution purposes] the evidence against the comparator must be 'as strong as or stronger' than that against the person arguing there has been an equal protection violation." *Id* . at 1006 Individuals are similarly situated "when their circumstances present no distinguishable legitimate prosecutorial factors that might justify making different prosecutorial decisions with respect to them." *Id.* (quoting *United States v. Hastings,* 126 F.3d 310, 315 (4th Cir. 1997)).

    Here, there was a rational basis for the City of Chicago (not the Village of Melrose Park) to prosecute plaintiff.  Muczynski admits that he has no personal knowledge of Sergeant Greco falsifying charging papers.  (SOF 66).  Muczynski further admits that he does not have any evidence that Sergeant Greco made disparaging comments about him. (SOF 67).  Sergeant Greco never worked with Muczynski.  (SOF 29).  Muczynski and Sergeant Greco have never worked together or even spoken to each other except maybe in passing.  (SOF 62, 63, 71).  There is no evidence identifying any individual who was treated different from Muczynski.  There is no evidence that any such individual even exists.  Without this evidence, no reasonable jury could find that Muczynski has met the similarly situated requirement and thus class of one claim is completed unsubstantiated and must fail.

5

### B. The City of Chicago Detectives had Probable Cause to Arrest Muczynski and His False Arrest Claim Must Fail.

False arrest is a claim for unreasonable seizure prohibited under the Fourth Amendment. *Gonzalez v. Village of West Milwaukee*, 671 F.3d 649, 655 (7th Cir. 2012) (citation omitted). In order to prevail on a claim for false arrest, the plaintiff must show that there was no probable cause for his or her arrest. *Thayer v. Chiczewski*, 705 F.3d 237, 246 (7th Cir. 2012) (citing *Williams v. Rodriguez*, 509 F.3d 392, 398 (7th Cir. 2007)). Therefore, probable cause is an absolute bar to a claim of false arrest under the Fourth Amendment and Section 1983. *Maniscalco v. Simon*, 712 F.3d 1139, 1143 (7th Cir. 2013) (quoting *Stokes v. Bd. of Ed. of the City of Chi.*, 599 F.3d 617, 622 (7th Cir. 2010)). Whether probable cause exists depends upon the reasonable conclusions to be drawn from the facts known to the arresting officer at the time of the arrest. *Maniscalco*, 712 F.3d at 1143–44 (quoting *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)).

Although it requires something more than a hunch, probable cause does not require a finding that it was more likely or not that the arrestee was engaged in criminal activity—the officer's belief that the arrestee was committing a crime need only be reasonable. *Abbott v. Sangamon County*, 705 F.3d 706, 714 (7th Cir. 2013). To determine if an officer had probable cause, the inquiry is purely objective; the officers' subjective state of mind and beliefs are irrelevant. *Id.* (citing *Whren v. United States*, 517 U.S. 806, 813 (1996)). Probable cause is evaluated not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person *in the position of the arresting officer*—seeing what he saw, hearing what he heard. *Mahoney v. Kesery,* 976 F.2d 1054, 1057 (7th Cir. 1992). The court's inquiry is limited to the information known to the officers at the time of arrest.

6

*Mucha v. Vill. of Oak Brook,* 650 F.3d 1053, 1057 (7th Cir. 2011). Probable cause demands even less than probability; it requires more than bare suspicion but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false. *Woods v. City of Chi.,* 234 F.3d 979, 996 (7th Cir. 2000) (citations omitted); *see also Maryland v. Pringle,* 540 U.S. 366, 370–71, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003) ("The probable-cause standard is incapable of precise definition or quantification into percentages because it deals with probabilities and depends on the totality of the circumstances.").

Determining whether probable cause exists is necessarily a fact-intensive inquiry. *Jones by Jones v. Webb,* 45 F.3d 178, 180 (7th Cir. 1995). Consequently, summary judgment is inappropriate where material facts regarding the existence of probable cause are in dispute. *See id.* ("Whether an officer had probable cause to make an arrest generally will present a question for the jury, although the court can decide it when the material facts are not disputed."); *Schertz v. Waupaca County,* 875 F.2d 578, 582 (7th Cir. 1989) ("While Section 1983 claims presenting the question of probable cause are generally inappropriate for disposition on summary judgment, this is true only where there is room for a difference of opinion.").

In this case, there is no question that probable cause existed to arrest plaintiff. First, the three witnesses provided a description to the Chicago officer arriving on the scene of the incident which was included in the incident report. (SOF 20, 21, 22, 23) The witnesses also identified the offender's vehicle. (SOF 18, 19). Two detectives were assigned to investigate the case. (SOF 24). The detectives met with and interviewed the three witnesses. (SOF 25, 26). The detectives went to the Melrose

7

Park Police Department because the offender identified himself as a Melrose Park police officer. (SOF 28). Sergeant Greco reviewed all the current and former officers' files to determine if any matched the description in the incident report. (SOF 32-40). Sergeant Greco identified former officer Muczynski after reviewing all the photographs and comparing them to the physical description and vehicle description provided to him by the Chicago detectives. (SOF 32-40). Two of the three witnesses identified Muczynski in the photograph lineup as well as in a live lineup. (SOF 46-52). Muczynski was arrested based on these identifications. (SOF 2).

All of these factors create sufficient probable cause to arrest of plaintiff. It is also important to note that Sergeant Greco played no part in the arrest of plaintiff. (SOF 44, 64, 65, 73). Sergeant Greco merely passed along the information to the Chicago detectives. The probable cause to arrest plaintiff was based on the independent identification of plaintiff in two manners by the two of the three complaining witnesses. In the absence of any more facts to support a false arrest claim against Sergeant Greco, judgment in favor of Sergeant Greco is proper.

### C. There Is No Evidence to Support Muczynski's Conspiracy Claim In Count III.

Sergeant Greco seeks summary judgment on Count III, arguing that there is no evidence of any sort of agreement to deprive Muczynski of his constitutional rights. To establish a prima facie case of civil conspiracy, a plaintiff must show (1) an express or implied agreement among defendants to deprive the plaintiff of his constitutional rights, and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement. *Scherer v. Balkema,* 840 F.2d 437, 441 (7th Cir.1988); *Moore v. Morales,* 445 F.Supp.2d 1000, 1012 (N.D. Ill. 2006). To sustain a claim that defendants

8

conspired to deny plaintiff's constitutional rights, plaintiff must allege that defendants directed themselves toward an unconstitutional action by virtue of a mutual understanding, and support such allegations with facts suggesting a 'meeting of the minds.' *Amundsen v. Chicago Park Dist.,* 218 F.3d 712, 718 (7th Cir. 2000). A conspiracy claim cannot survive summary judgment based on vague, conclusory allegations that include no overt acts reasonably related to promoting the conspiracy. *Id.*

Here, there is nothing more than just that – vague, conclusory allegations. Judgment must be granted in favor of Greco where Muczynski has not elicited any evidence to prove a meeting of the minds and/or a mutual understanding/agreement to deprive Muczynski of his constitutional rights. There is no scintilla of evidence to support Muczynski's conspiracy. It is undisputed that Sergeant Greco never spoke to the three complaining witnesses (SOF 58, 60). Further, it is undisputed that the Chicago detectives had not met Sergeant Greco nor had they talked to him before this incident. (SOF 74). Without even this most basic connection, summary judgment is proper in favor of Sergeant Greco.

### D. Even Though Sergeant Greco Did Not "Arrest" Muczynski, He Is Entitled to Qualified Immunity.

Actions under 42 U.S.C. § 1983 provide redress for constitutional violations committed under color of state law. *See* 42 U.S.C. § 1983. To recover under § 1983, plaintiffs must show that: 1) they were deprived of a right secured by the Constitution or laws of the United States, and 2) the deprivation was visited upon them by a person or persons acting under color of state law. *McKinney v. Duplain,* 463 F.3d 679, 683 (7th Cir. 2006). Section 1983 claims against individuals require personal involvement in the constitutional deprivation. *See Palmer v. Marion County,* 327 F.3d 588, 594 (7th Cir.

9

2003); *Kelly v. Mun. Courts of Marion County,* 97 F.3d 902, 909 (7th Cir. 1996) ("Individual liability under 42 U.S.C. § 1983 can only be based on a finding that the defendant caused the deprivation at issue.").

Even if a plaintiff states a valid claim under § 1983, an individual acting under color of state law may assert qualified immunity. The doctrine of qualified immunity shields government officials against suits arising out of their exercise of discretionary functions as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated. *Id.* at 683–84. Therefore, a two-part test for §1983 claims and qualified immunity exists: a court must determine whether the defendant's conduct violated one of the plaintiff's constitutional rights and whether the defendant's conduct violated clearly established rights of which a reasonable person would have known. *See id.* at 684 (citations omitted). The Court may address either part of the test before addressing the other. *See Pearson v. Callahan,* 555 U.S. 223, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009).

Muczynski claims that Sergeant Greco's actions caused him to be arrested. That is simply not the case. Muczynski was arrested because two of three complaining witnesses identified Muczynski not once but twice. (SOF 46-52) Muczynski was arrested based on that identification. Even if this Court were to conclude that a fact question exists as to any of the Muczynski's claims, Sergeant Greco would be shielded in this case by the doctrine of qualified immunity. An officer is entitled to qualified immunity in a false-arrest case when, if there is no probable cause, a reasonable officer could have mistakenly believed that probable cause existed. *Fleming v. Livingston County,* 674 F.3d 874, 879–80 (7th Cir. 2012) (citing *Humphrey v. Staszak,* 148 F.3d

719, 725 (7th Cir. 1998)  The qualified immunity doctrine allows ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law. *Gonzalez v. City of Elgin,* 578 F.3d 526, 540 (7th Cir. 2009) (quoting *Hunter v. Bryant,* 502 U.S. 224, 229 (1991)).

In an unlawful arrest case in which the defendants raise qualified immunity as a defense, this court will determine if the officer actually had probable cause or, if there was no probable cause, whether a reasonable officer could have mistakenly believed that probable cause existed. *Humphrey,* 148 F.3d at 725.  The concern of the immunity inquiry is to acknowledge that "reasonable mistakes can be made as to the legal constraints on particular [official] conduct...." *Saucier v. Katz,* 533 U.S. 194, 205 (2001).

In this case, the Chicago detectives gave Sergeant Greco a physical description of the offender along with a description of the offender's vehicle.  (SOF 27, 30, 32). More importantly, the Chicago detectives said that the offender identified himself as a Melrose Park police officer.  (SOF 28, 30).  Sergeant Greco took that description and went through the full and part time roster to determine if anyone matched the description.  (SOF 33, 34).  Once Sergeant Greco determined that no one on the roster matched the description he went to former officers.  (SOF 35, 36, 37).  After narrowing it down to ten former officers, Sergeant Greco settled on Muczynski because he matched the physical description, he lived a few blocks from the location of the incident and he drove a dark Jeep Cherokee.  (SOF 37, 38, 39, 40).  Based on all the facts known to Sergeant Greco, it was reasonable for him to identify Muczynski as the possible offender.  Sergeant Greco's identification, even if mistaken, was reasonable in light of

the information known to him.  This this Court should conclude that Sergeant Greco is entitled to qualified immunity and therefore grant summary judgment.

WHEREFORE, Defendants, SERGEANT ANTHONY GRECO (hereafter "Greco") and THE VILLAGE OF MELROSE PARK, respectfully request that this Court enter judgment in their favor and against Plaintiff.

                                              Respectfully submitted,
                                              **ROBBINS, SCHWARTZ, NICHOLAS,**
                                              **LIFTON & TAYLOR, LTD.**

                                        By:    /s/Nikoleta Lamprinakos
                                                      Nikoleta Lamprinakos

Stephen R. Miller  (6182908) smiller@rsnlt.com
Nikoleta Lamprinakos (6274018) nlamprinakos@rsnlt.com
**ROBBINS, SCHWARTZ, NICHOLAS, LIFTON & TAYLOR, LTD.**
55 West Monroe Street
Suite 800
Chicago, Illinois  60603
Ph:    312/332-7760
Fx:    312/332-7768

## **CERTIFICATE OF SERVICE**

I, Nikoleta Lamprinakos, the undersigned attorney, hereby certify that the foregoing ***Defendants, Sergeant Anthony Greco and the Village of Melrose Park's Memorandum in Support of Their Motion for Summary Judgment***, was electronically filed with the United States District Court for the Northern District of Illinois, Eastern Division, and that a copy of the same was served upon the following named attorney of record via electronic mail, on **this 23rd day** of **December, 2013.**

Blake Wolfe Horwitz
Uma Bansal
Jared Kosoglad
**THE BLAKE HORWITZ LAW OFFICE**
39 South LaSalle Street, Suite 1515
Chicago, Illinois 60603

Harry Auger
Molly Thompson
Dykema Gossett PLCC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606

**ROBBINS, SCHWARTZ, NICHOLAS, LIFTON & TAYLOR, LTD.**

By: /s/Nikoleta Lamprinakos
Nikoleta Lamprinakos